

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. WR-88,151-01**

**EX PARTE RONALD JOSEPH HODGKISS, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W296-80640-2012-HC IN THE 199TH DISTRICT COURT
FROM COLLIN COUNTY**

*Per curiam.*

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of sexual assault and five counts of indecency with a child. He was sentenced to twenty years' imprisonment on the sexual assault charge and four of the indecency counts and sentenced to ten years' imprisonment on one of the indecency counts. He did not appeal his convictions.

Applicant contends that his plea was involuntary and he was given ineffective assistance of counsel. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v.*

*Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). The trial court recommended denying relief based, in part, on the reporter's record from the habeas hearing. The reporter's record from that hearing was not provided to this Court. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

The trial court shall provide this Court with the reporter's record of the habeas hearing upon which it based its findings of fact. The trial court may also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief, if necessary.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 28, 2018
Do not publish